IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3183-D

| RAYMOND L. PURDUM, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| TRACY JOHNS et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

On October 12, 2010, Raymond L. Purdum ("Purdum" or "plaintiff"), a former federal inmate proceeding pro se, filed this action seeking relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. On November 19, 2010, the court reviewed the complaint, dismissed several defendants along with plaintiff's request for attorney's fees pursuant to the Equal Access to Justice Act, and directed plaintiff to amend his complaint [D.E. 2] at 5. On January 12, 2011, Purdum responded to the court's order [D.E. 8]. On April 4, 2011, the court allowed plaintiff's claims against defendants Bonner, Mercado, Hunter-Buskey, and Perkins to proceed [D.E. 11].

On April 12, 2011, the remaining defendants filed a motion to dismiss or for summary judgment, along with two affidavits and exhibits [D.E. 12–13]. Because defendants attached materials that are outside the scope of the pleadings, the court construes the motion as requesting summary judgment. See Fed. R. Civ. P. 12(d). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Purdum about the motion to dismiss or for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 14]. On May 11, 2011, Purdum responded in opposition to the motion [D.E. 15].

I.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted).

In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

First, the court addresses Purdum's claim against defendant Hunter-Buskey. Hunter-Buskey is a commissioned officer in the Public Health Service ("PHS"), and was so commissioned when she provided medical treatment to Purdum. Hunter-Buskey Decl. ¶¶ 1, 4. Therefore, plaintiff cannot proceed with his Bivens claim against Hunter-Buskey. See 42 U.S.C. § 233(a); United States v. Smith, 499 U.S. 160, 170 n.11 (1990) (discussing absolute immunity provided to commissioned PHS officers under 42 U.S.C. § 233(a) and noting that the FTCA provides the exclusive remedy for a PHS

2

officer's medical treatment); Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000); Maron v. United States, 126 F.3d 317, 321–22 (4th Cir. 1997); Hairston v. Gonzales, No. 5:07-CT-3078-D, 2008 WL 2761315, at *3 (E.D.N.C. July 11, 2008) (unpublished). Accordingly, the court awards summary judgment to this Hunter-Buskey.

Next, the remaining defendants seek dismissal because Purdum failed to exhaust his administrative remedies. Failure to exhaust administrative remedies is an affirmative defense that a defendant must plead and prove. See, e.g., Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005). Defendants have submitted evidence indicating that Purdum filed three grievances while confined at Butner, none of which pertain to the medical care he received. Cox Decl. ¶ 5 & Att. 1.

The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84–85 (2006). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see Jones v. Bock, 549 U.S. 199, 211 (2007). Moreover, a prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The Bureau of Prisons ("BOP") provides a four-step, sequential administrative process to address prisoner complaints. See 28 C.F.R. §§ 542.13–.15.

3

> First, an inmate normally must present his complaint informally to prison staff using a BP-8 form. If the informal complaint does not resolve the dispute, the inmate may make an "Administrative Remedy Request" to the prison Warden using a BP-9 form. The BP-8 and BP-9 forms are linked. Both forms involve a complaint arising out of the same incident and both must be submitted within twenty calendar days of the date of that incident. 28 C.F.R. § 542.14(a). If the Warden renders an adverse decision on the BP-9, the inmate may appeal to the Regional Director within twenty calendar days of the date the Warden signed the response, using a BP-10 form. 28 C.F.R. § 542.15(a). The inmate may appeal an adverse decision by the Regional Director to the Central Office of the BOP using a BP-11 form. Id.

Hill v. Haynes, 380 Fed. App'x 268, 269 n.1 (4th Cir. 2010) (per curiam) (unpublished).

Section 1997e(a) requires an inmate to exhaust his administrative remedies before filing suit. See 42 U.S.C. § 1997e(a); Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003). When an inmate files suit early, courts typically dismiss the action without prejudice. See, e.g., Ford, 362 F.3d at 401; Johnson v. Cannon, C.A. No. 4:08-776-PMD, 2010 WL 936706, at *8 (D.S.C. Mar. 15, 2010) (unpublished); Stokes v. Moore, No. 5:08-CT-3045-FL, slip op. at 4 (E.D.N.C. Jan. 26, 2010) (unpublished); Shouse v. Madsen, No. 7:09-cv-00461, 2010 WL 276543, at *2 (W.D. Va. Jan. 19, 2010) (unpublished). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses.

Purdum acknowledges that he has not exhausted his administrative remedies but "contend[s] that [the PLRA] does not apply" because he filed and exhausted an administrative claim against the government under the Federal Tort Claims Act ("FTCA") and "because he has been abused both physically and mentally for the lack and kind of medical treatment he received at . . . Butner[.]" Resp. Opp'n Mot. Summ. J. 1. Purdum also cites a legal encyclopedia describing circumstances

under which the court may excuse the failure to exhaust administrative remedies when "exhaustion of remedies is not required by the statute[.]" Id. 1–2 (citing Am. Jur. 2nd § 478).

Purdum's exhaustion of his FTCA claim provides no comfort in that the "[e]xhaustion requirements concerning FTCA and Bivens actions differ." Johnson v. Lappin, Civil Action No. 1:07-0944, 2011 WL 560459, at *13 n.11 (S.D. W. Va. Jan. 6, 2011) (unpublished), report and recommendation adopted, 2011 WL 535924 (S.D. W. Va. Feb. 8, 2011) (unpublished). Moreover, as noted, the PLRA makes exhaustion mandatory, and the court may not excuse a failure to exhaust. Accordingly, the court grants defendants' motion to dismiss on the exhaustion issue and dismisses without prejudice Purdum's complaint against defendants Bonner, Mercado, and Perkins.

II.

In sum, the court GRANTS defendants' motion to dismiss or for summary judgment [D.E. 12]. The court DISMISSES plaintiff's claims against defendant Hunter-Buskey, and DISMISSES WITHOUT PREJUDICE plaintiff's claims against defendants Bonner, Mercado, and Perkins for failure to exhaust administrative remedies.

SO ORDERED. This 25 day of October 2011.

JAMES C. DEVER III
Chief United States District Judge

5

Case 5:10-ct-03183-D   Document 16   Filed 10/25/11   Page 5 of 5